Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS FLORES-ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> BAYVIEW FINANCIAL, L.P., BANK OF AMERICA, N.A., and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | Case No.: 2:15-cv-00939 <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. CARLOS FLORES-ORTIZ ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BAYVIEW FINANCIAL, L.P. ("Bayview"), BANK OF AMERICA, N.A. ("BoA"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit infor-

mation made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdic-

tion arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant Bayview is a corporation doing business in the State of Nevada. Defendant BoA is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

12. Defendants Bayview and BoA are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

13. Defendant Experian is a national credit reporting agency, doing business in Nevada, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

15. At all times relevant, Defendants conducted business in the State of Nevada.

16. On or about July 30, 2009, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 09-23654 (the "Bankruptcy").

17. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

18. On or about December 18, 2009, Plaintiff received a Bankruptcy discharge.

19. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

21. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

22. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

23. Defendants' attempt to collect upon their respective Debt by reporting post-

Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Bayview Financial, L.P. Misreported Credit Information

### Re: Account No. 34*.

25. In an Experian credit report dated October 6, 2014, Bayview reported the following inaccurate, derogatory information:

    - Post-bankruptcy information for the following dates: October 2009 (180 days past due).

26. Bayview should not have reported derogatory information on Plaintiff's account after July 30, 2009, because Plaintiff filed for Bankruptcy on July 30, 2009.

27. On or about February 3, 2015, Plaintiff disputed Bayview's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Bayview.

28. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect

derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 7/30/2009 and discharged 12/18/2009, bearing docket No. 09-23654 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Oct2009 (180 days past due).

29. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 7/30/2009 since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

30. Upon information and belief, Experian timely notified Bayview of Plaintiff's dispute, but Bayview continued reporting derogatory information.

31. Bayview and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

32. On or about February 19, 2015, Plaintiff received notification from Experian

that Bayview and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

33. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Bayview and Experian simply left derogatory information on Plaintiff's report. Specifically, Bayview and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: October 2009 (180 days past due).

34. Bayview and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

35. Bayview and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to Bayview and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

37. Plaintiff's continued efforts to correct Bayview and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute

with Bayview and Experian were fruitless.

38. Bayview and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

39. Bayview and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

40. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Bayview and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Bank of America, N.A. Misreported Credit Information
### Re: Account No. 488894099511*.

41. In an Experian credit report dated October 6, 2014, BoA reported the following inaccurate, derogatory information:

    - Post-bankruptcy information for the following dates: August 2009 (CO—Charge Off).

42. BoA should not have reported derogatory information on Plaintiff's account after July 30, 2009, because Plaintiff filed for Bankruptcy on July 30, 2009.

43. On or about February 3, 2015, Plaintiff disputed BoA's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BoA.

44. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 7/30/2009 and discharged 12/18/2009, bearing docket No. 09-23654 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Aug2009 (CO—Charge Off).

45. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 7/30/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

46. Upon information and belief, Experian timely notified BoA of Plaintiff's dispute, but BoA continued reporting derogatory information.

47. BoA and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. On or about February 19, 2015, Plaintiff received notification from Experian that BoA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

49. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, BoA and Experian simply left derogatory information on Plaintiff's report.  Specifically, BoA and Experian reported the following inaccurate, derogatory information:

   - Post-bankruptcy information for the following dates: August 2009 (CO—Charged Off).

50. BoA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

51. BoA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

52. Due to BoA and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

53. Plaintiff's continued efforts to correct BoA and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with

BoA and Experian were fruitless.

54. BoA and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

55. BoA and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

56. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, BoA and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Experian Information Solutions, Inc. Misreported Credit Information Re: Saxon Mortgage Services Account No. 624200055*.

57. In an Experian credit report dated October 6, 2014, Experian did not report any information regarding a Saxon Mortgage Services Account (No. 624200055*).

58. Experian should not have reported derogatory information on Plaintiff's account after July 30, 2009, because Plaintiff filed for Bankruptcy on July 30, 2009.

59. On or about February 19, 2015, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

60. Surprisingly, Experian actually added derogatory information on Plaintiff's

report. Specifically, Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: November 2009 (180 days past due).

66. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

67. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

68. Due to Experian's failure to investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

69. Plaintiff's continued efforts to correct Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian were fruitless.

70. Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

71. Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

72. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

75. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

76. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 19, 2015                              Respectfully submitted,

                                                 BY: /S/ DANNY J. HOREN
                                                     DANNY J. HOREN, ESQ.
                                                     ATTORNEY FOR PLAINTIFF